UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEFFRIE GIBSON,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>      Defendant. | Case No. EDCV 03-225 CW<br><br>ORDER GRANTING PETITION<br>FOR ATTORNEYS' FEES<br>42 U.S.C. § 406(b) |

Plaintiff's counsel, Bill LaTour, has filed a Petition for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) ("Pet.") seeking an order for payment of fees in the amount of thirteen thousand one hundred two dollars and thirteen cents ($13,102.13) for legal services provided in representing plaintiff before this district court.[1]

---

[1] Although plaintiff's counsel requests a gross amount of $18,402.13, equal to twenty-five percent of plaintiff's past due benefits award, plaintiff's counsel states that he has received $5,300.00 in attorney's fees pursuant to 42 U.S.C. § 402(a). [Pet. 6.] Accordingly, plaintiff seeks a net amount of $13,102.13 pursuant to §
(continued...)

Counsel seeks compensation pursuant to a contingent fee agreement and requests that the amount of fees sought by this petition be paid from the portion of plaintiff's past-due benefits award withheld by defendant for the payment of attorneys' fees.  Defendant has filed a response taking no position as to the reasonableness of the requested fee but noting factors relevant to a reasonableness analysis.  For the reasons stated below, the petition is granted in the amount of $9,472.00.

## Proceedings

On March 3, 2003, plaintiff filed a complaint for judicial review of defendant's decision denying his application for disability insurance benefits and supplemental security income.  On September 3, 2003, the court issued an order and judgment remanding the matter for further administrative proceedings pursuant to a stipulation between the parties.  On remand, plaintiff was awarded disability benefits, including past due benefits, in the amount of $73,068.50 [Pet. Exh. 4].  The sum of $18,402.13, representing 25% of plaintiff's past-due benefits award, was withheld by defendant for the payment of attorneys' fees.  [Id.]  Plaintiff's counsel received $5,300.00 pursuant to § 406(a) for legal work performed at the administrative level.  From the remaining amount, plaintiff seeks a fee award under § 406(b) in the gross amount of $13,102.13.  [Pet. 5-6.]  Plaintiff's counsel has already been awarded attorneys' fees of $1,200.00 under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d).  [Id.]  The EAJA award offsets any attorneys' fee award payable from plaintiff's past-due benefits, up to the full amount of the EAJA

---

[1] (...continued)
406(b).

award.[2]  Accordingly, plaintiff's counsel requests an award in the gross amount of $13,102.13 and that the court order him to reimburse plaintiff in the amount of $1,200.00. [Pet. 21.]

**Discussion**

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. at 792.  In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793.  The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section

---

[2] If attorneys' fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant.  See Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)(noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." <u>Gisbrecht</u>, 535 U.S. at 793.[3]  While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "<u>the primary means by which fees are set</u>" for the successful representation of social security disability claimants in court.  <u>Gisbrecht</u>, 535 U.S. at 807 (emphasis added).

Here, plaintiff retained counsel to represent him in federal court in his social security disability case, and plaintiff agreed to pay counsel a contingent fee in an amount equal to 25% of any past-due benefits award obtained. [Pet., Exh. 1.]  The instant petition seeks a fee that, when combined with the fees previously paid under § 406(a), is equal to that amount.  Because the parties' contingent fee agreement thus falls within the 25% boundary set by § 406(b), the court appropriately examines counsel's instant petition to assure that enforcement of the agreement is not unreasonable, and "the attorney

---

[3]  Under the "lodestar" method, attorneys' fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee.  <u>See</u> <u>Gisbrecht</u>, 535 U.S. at 797 (discussing application of the "lodestar" method in the Ninth Circuit).  The "lodestar" may be adjusted upward or downward to account for a variety of factors.  <u>See</u> <u>Gisbrecht</u>, 535 U.S. at 798 (citing <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975).  Courts in this and other circuits look to the following factors to determine whether the lodestar should be adjusted: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client;  and (12) awards in similar cases.  <u>Allen v. Shalala</u>, 48 F.3d 456, 458 n.3 (9th Cir. 1995)(citing <u>Kerr</u>, 526 F.2d at 70), disapproved by <u>Gisbrecht</u>, 535 U.S at 797-99.

for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. In testing for reasonableness of the fee request, the court may consider factors such as the character of the representation, the results achieved, the relationship between the amount of any benefits award and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits. Gisbrecht, 535 U.S. at 808; see also Black v. Astrue, 229 Fed. Appx. 515, 517 (9th Cir. 2007)(requiring full incorporation of Gisbrecht factors in reasonableness review).

Consideration of these factors supports partial approval of the instant fee petition. The character of counsel's representation before the court was efficient, resulting in a favorable result for his client in the form of a remand leading to a finding of disability and payment of benefits. The nature of the work performed and the time expended on this matter before the district court (7 attorney hours and 5.3 paralegal hours) are within the norm for social security disability cases.[4] [Pet., Exh. 7.] See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n. 2 (C.D. Cal. 2000) (collecting cases approving up to 54.5 hours of compensable attorney services for individual cases). There is no suggestion of undue delay by counsel in litigating plaintiff's claim. On the other hand, as discussed below, the relationship between the amount of the reward and the time expended warrants a reasonable reduction in the requested fee award.

The reasonableness of the requested fee is also appropriately

---

[4] Although plaintiff's counsel asserts that he expended 10 hours working on the case [Pet. 9], the Itemization of Attorney Services indicates that 7 hours were spent. [Pet., Exh. 7.]

checked with reference to a lodestar figure.  See Gisbrecht, 585 U.S. at 808 (noting that record of hours spent and hourly billing charges for noncontingent-fee cases may aid in the court's assessment of reasonableness of the fee requests).  Counsel suggests that a base hourly billing rate of $425 for attorney (proprietor) services represents a reasonable noncontingent hourly rate in light of published surveys regarding law firm practice.[5] [Pet. 12.]  The court finds this rate appropriate for purposes of a comparative fee calculation.  Although plaintiff's counsel does not provide data regarding prevailing market rates for paralegal work, the court takes judicial notice of an hourly rate of $153.55, adjusted for the increase in cost of legal services since the figure was published.[6] This produces a lodestar of $3,788.81.[7]  In comparison, the fee of $13,102.13 requested by counsel for work performed in the district court under the contingency agreement is approximately 3.45 times this lodestar figure, producing a blended hourly rate of $1,065.21[8]; the separate rates are $1,468.80 for attorney time and $532.17 for

---

[5] The base attorney rates which counsel references are derived from the ninth decile billing rate figures for southern California firms as shown in The 2006 Small Law Firm Economic Survey (Altman Weil Publications, Inc.). [Pet., Exh. 9].

[6] See The 2000 Small Law Firm Economic Survey (Altman Weil, Inc.) and the Consumer Price Index ("CPI") for All Urban Consumers - Legal Services (www.bls.gov).

[7] The lodestar calculation is: [7 (attorney hours) x $425.00 (non-contingent hourly rate)] + [5.3 (paralegal hours) x $153.55 (non-contingent hourly rate] = $2,975.00 + $813.81 = $3,788.81.

[8] $13,102.13 (fee requested) / 12.3 (attorney and paralegal hours) = $1,065.21 (blended hourly rate).

paralegal time.[9]  Counsel asserts that the requested fee is reasonable in light of the lodestar, particularly given the contingent nature of the case and similar awards in other cases. [Pet. 14-21.]

The court finds, however, that the requested fee in this case should be reduced to reflect a fee that is reasonable for the services rendered.  Where, as here, "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."  Gisbrecht, 535 U.S. at 808.  Although counsel achieved a favorable result for plaintiff and should be compensated above his normal hourly fees to recognize the inherent risks of contingent litigation, the amount of past-due benefits, $73,608.50, is large in comparison to the amount of time spent (7 attorney hours and 5.3 paralegal hours) on the case by counsel's office.  Accordingly, based on the court's independent check of the reasonableness of the contingency fee agreement, an adjustment representing an hourly rate 2.5 times the non-contingent hourly rates for attorneys and paralegals in the ninth decile of small law firm practice is appropriate.  Cf. Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006)(applying a downward adjustment to reach reasonable rate representing 2.5 times attorney's actual hourly rate); Ogle v. Barnhart, 92 Soc.Sec.Rep.Serv. 938, 2003 WL 22956419 *5-6 (D. Maine 2003)(finding effective hourly rate of $1,860.17 "astronomical," but approving 2.5 multiplier to attorney's actual billing rate).  This figure adequately accounts for the uncertainties, delays and risks inherent in the contingency fee agreement.

---

[9] The calculation is: [7 (attorney hours) x $1468.80 (hourly rate)] + [5.3 (paralegal hours) x $532.17 (hourly rate)] = $10,281.63 + $2,820.50 = $13,102.13.

1   Application of the multiplier results in an hourly rate of
2   $1,062.50 for attorney work ($425.00 x 2.5 = $1,062.50) and $383.87
3   for paralegal work ($153.55 x 2.5 = $383.87.).  This produces a
4   lodestar of $9,472.00[10], which results in a blended hourly rate of
5   $770.08.[11]  The court finds that this is a reasonable fee in light of
6   the services rendered.  <u>Ellick</u>, 445 F. Supp. 2d at 1173.

### Conclusion

For the reasons stated herein, the petition for attorneys' fees under 42 U.S.C. § 406(b) is **GRANTED.**  Counsel is awarded the amount of nine thousand four hundred seventy-two dollars ($9,472.00) and ordered to: (1) serve plaintiff with a copy of this order and (2) reimburse plaintiff in the amount of one thousand two hundred dollars ($1,200.00).

**IT IS SO ORDERED.**

DATED: December 21, 2007

```
                             _____/S/_____
                                    CARLA M. WOEHRLE
                              United States Magistrate Judge
```

---

[10]  The lodestar calculation is: [7 (attorney hours) x $1,062.50 (adjusted hourly rate)] + [5.3 (paralegal hours) x $383.87 (adjusted hourly rate)] = $7,437.50 + $2,034.50 = $9,472.00.

[11] $9,472.00 (total fee) / 12.3 (attorney and paralegal hours spent) = $770.08 per hour.